UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN A. GONZALEZ d/b/a
GONZALEZ GROCERY,
    Plaintiff,

v.                                                                     C.A. No. 09-295-ML

UNITED STATES OF AMERICA, and
THOMAS VILSACK, SECRETARY,
UNITED STATES DEPARTMENT OF
AGRICULTURE,
    Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's [1] Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## I. OVERVIEW

On or about July 9, 2009, Juan Gonzalez ("Juan") d/b/a Gonzalez Grocery (collectively "Plaintiff") filed a Complaint against Thomas Vilsack, Secretary of the United States Department of Agriculture, and the United States ("Defendant"). On July 10, 2009, Juan filed the First Amended Complaint. Gonzalez Grocery is a Rhode Island sole proprietorship that participated in the Food Stamp Program. Compl. ¶¶ 3, 4.

On January 16, 2008, the United States Department of Agriculture ("USDA") sent a letter

---

[1] As Defendant argues and Plaintiff does not dispute, the Food Stamp Act authorizes suits against the United States, not private individuals. See 7 U.S.C. § 2023(a)(13). The United States is therefore the only proper defendant in this case. Accordingly, Secretary Thomas Vilsack is dismissed as a defendant.

1

to Plaintiff accusing "Gonzalez Grocery of four specific trafficking violations which occurred between May and June of 2007." Id. ¶¶ 6, 7. The allegations included making multiple withdrawals from accounts of food stamp recipients "within unusually short time frames" and making "excessively large withdrawals." Id. ¶¶ 8-12. The letter notified Plaintiff that it had ten days to respond. Id. ¶ 13. Juan alleges that when he did respond in person before the USDA in Boston, Massachusetts, he was told that "no translator was available," despite Plaintiff's "struggle[] with English" as a native Spanish speaker. Id. ¶¶ 13, 23.

On March 28, 2008, the USDA sent a second letter informing Plaintiff that Gonzalez Grocery was "permanently disqualified from participating in the Food Stamp Program. Compl. ¶ 15. The letter explained in English that Plaintiff had ten days to mail a request for review for determination. Id. ¶ 21. The letter also explained that the recipient could call a phone number for assistance in Spanish. Id. ¶ 22. Plaintiff timely requested administrative review by letter dated April 3, 2008. (R. 94).

On August 13, 2008, the Administrative Review Officer issued a Final Agency Decision, upholding the permanent disqualification. (R. 121-127). On the same day, USDA sent a third letter, notifying Plaintiff that it was permanently disqualified from the Food Stamp Program, and informing Plaintiff in English that it had thirty days to appeal the ruling to federal court. (R. 128). On September 11, 2008, Juan spoke to USDA employee Robert Hughes, who advised Juan in English that "he had to appeal his determination in federal court. Compl. ¶ 26.

On July 10, 2009 Plaintiff filed the First Amended Complaint in this Court. Count I requests "Reversal of Defendant Determination by *De Novo* Review." Compl. ¶¶ 33-38. In Count I, Plaintiff alleges that the USDA did not meet its burden of proving food stamp

2

trafficking because it did not present "direct evidence that Plaintiff exchanged food stamps for cash or other prohibited items..." Compl. ¶ 35.

Count II alleges a violation of the Administrative Procedure Act, 5 U.S.C.A. § 701 *et seq.* Compl. ¶¶ 39-42. Count II alleges that the USDA "did not follow its own agency regulations" pursuant to 7 C.F.R. § 278.6(d). Id. ¶ 40(a). Count II further alleges that the USDA's determination was "arbitrary and capricious and contrary to the law because it was unsupported by substantial evidence." Id. ¶ 41. Although Defendant's Motion to Dismiss speaks broadly of Plaintiff's entire Complaint, neither party's motion papers specifically address Count II or the Administrative Procedure Act. Nevertheless, it is clear from the pleadings that Plaintiff, in Count II, requests the same judicial review as requested in Count I. The Court will therefore take up Count I and Count II together.

Finally, Count III alleges a violation of Procedural and Substantive Due Process under 42 U.S.C. § 1983. Compl. ¶¶ 43-51. Count III alleges that Plaintiff did not "understand the time limitation as English is not his native language..." and even if he did understand the requirement, "this short time span is wholly inadequate to muster proof, written or oral, to rebut the USDA's serious allegations..." Id. ¶¶ 45, 46.

## II. STANDARD OF REVIEW

United States District Courts are "'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" Olympic Mills Corp. v. Rivera Siaca, 477 F.3d 1, 6 (1st Cir. 2007)(quoting Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994)). Pursuant to Fed. R. Civ. P. 12 (b)(1), a party may seek dismissal of an action based on lack of subject matter jurisdiction. Once jurisdiction is challenged, the party invoking

jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

The Court need not resolve factual disputes – it must "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction..." Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007) (quoting Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). The Court construes the Complaint liberally and takes all factual allegations contained therein as true, indulging all reasonable inferences in favor of the non-moving party. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). The Plaintiff, however, may not satisfy its burden by resting on "unsupported conclusions or interpretations of law." Murphy, 45 F.3d at 522 (quoting Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)).

### III. ANALYSIS

Defendant has moved to dismiss all three claims in the First Amended Complaint for lack of subject matter jurisdiction. The Court takes up Counts I and II together first, as both claims request judicial review of administrative action. Next, the Court takes up Count III.

A.   Counts I and II

Defendant argues that the Court lacks subject matter jurisdiction under the Food Stamp Act, 7 U.S.C. § 2023, because Plaintiff failed to file a timely request for judicial review. The deadline for Plaintiff to file a request for judicial review was September 13, 2008; yet Plaintiff did not file the Complaint until July 9, 2009, more than ten months later. In response, Plaintiff argues that the claims should survive because it is entitled to invoke equitable tolling. The Court must first determine whether equitable tolling is available to Plaintiff, and if so, whether it should

4

be applied in this case.

The Food Stamp Act states –

> If the store ... feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States ... within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13). Regulation 7 C.F.R. § 279.7(a) further provides that the complaint must be "filed within 30 days after the date of delivery or service ... otherwise the determination shall be final."

A claim against the United States is barred absent waiver of sovereign immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). The United States may waive sovereign immunity, but such waiver must be unequivocal and may not be implied. United States v. King, 395 U.S. 1, 4 (1969). Moreover, waiver of sovereign immunity must be strictly construed in favor of the sovereign so as to avoid extending the waiver beyond what Congress intended. Nordic Village, Inc., 503 U.S. at 34; United States v. Mitchell, 445 U.S. 535, 538 (1980).

Here, Defendant concedes that the United States waived sovereign immunity, but only to the extent that the "plaintiff files his complaint within thirty days of receiving his final administrative decision." Defendant's Motion to Dismiss, at 7. Defendant argues that because Plaintiff failed to file a complaint within thirty days of receiving the final administrative decision, sovereign immunity bars his suit.

Plaintiff bears the burden of proof in establishing that a basis for equitable tolling exists, as "it is settled that parties relying on an estoppel have the burden of proving it." Rivera-Gomez

v. De Castro, 900 F.2d 1, 3 (1st Cir. 1990). In an attempt to meet this burden, Plaintiff relies heavily on Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). In Irwin, the Supreme Court considered whether an employee who filed an untimely Title VII suit against his employer, the Department of Veterans Affairs, could invoke equitable tolling. Irwin, 498 U.S. at 93. The Supreme Court held that although the employee's suit was untimely, the doctrine of equitable tolling applied. Id. at 95. The Court concluded that the "same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." Id. at 95-96.

Plaintiff argues that under Irwin's holding, the thirty day limitation should be equitably tolled and its claims should survive Defendant's Motion to Dismiss. Defendant argues, however, that the Supreme Court has distinguished Irwin's application of equitable tolling, and held that it does not apply to "jurisdictional" statutes like the statute in issue here. See Defendant's Reply to Plaintiff's Objection, at 7 (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008).

In John R. Sand & Gravel Co., the Supreme Court addressed whether "a court must raise on its own the timeliness of a lawsuit filed in the Court of Federal Claims, despite the Government's waiver of the issue." 552 U.S. at 132. While addressing this issue, the Supreme Court explained that it has "often read time limits of [] statutes as more absolute, say as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitation period." John R. Sand & Gravel Co., 552 U.S. at 133-34. Moreover, the court has "long interpreted the court of claims limitations statute as setting forth this [] more absolute, kind of limitations period." Id. at 134.

The First Circuit addressed this issue in Neverson v. Farquharson, 366 F.3d 32 (2004), where the question presented was whether the one year limitation period for habeas corpus petitions set by 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. While the court cites Irwin for the principle that "statutory filing deadlines are presumptively subject to equitable toling," the court states that the presumption is rebutted in two situations –

> First, deadlines that define the court's jurisdiction may not be equitably tolled. Second, equitable tolling will not apply where there are other indications that Congress intended to preclude it.

Neverson, 366 F.3d at 40 (citing Soriano v. United States, 352 U.S. 270, 276 (1957) (internal citations omitted).

In Neverson, the Court explained that "when a time limit is phrased in jurisdictional terms, the Irwin presumption is rebutted[.]" Id. n. 8. Further, the Supreme Court and the First Circuit have continued to "characterize 'jurisdictional' time limits as ineligible for equitable tolling" after Irwin. Id. (citing Stone v. INS, 514 U.S. 386, 405 (1995); David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003)). The threshold determination is, therefore, whether the statutory deadline of thirty days to file a complaint is jurisdictional. If Section 2023(a) of the Food Stamp Act is jurisdictional in nature, it will not be subject to equitable tolling.

To determine if a specific statutory provision is jurisdictional, courts look to whether the provision "speak[s] in jurisdictional terms or refer[s] in any way to the jurisdiction of the district courts." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394(1982). Courts also look to the legislative history of the filing provision for an indication that the provision is a jurisdictional prerequisite to suit in federal court. Id. For example, the Supreme Court held that 42 U.S.C.

§2000e *et seq.* (1970 ed.), which requires charges filed under Title VII to be filed within 90 days is not "jurisdictional" because the provision specifying the time for filing charges with the EEOC appears as an entirely separate provision, and the sparse legislative history did not reflect an intention to make the provision jurisdictional. Id. at 398.

While the First Circuit has not had occasion to decide whether Section 2023(a) of the Food Stamp Act is jurisdictional, several courts elsewhere have addressed this very issue. The majority of courts reaching an opinion on this issue have recognized the jurisdictional nature of the thirty-day limit of Section 2023. In Chesterfield Market, Inc. v. United States, for example, the court held that it did not have jurisdiction to entertain complaints filed after the thirty day deadline. 469 F. Supp.2d 485, 488 (E.D. Mich. 2007); see also Simaan v. Veneman, 349 F. Supp.2d 967, 971 (M.D.N.C. 2004) ("The statutory 30-day deadline for judicial review is not a statute of limitations that may be equitably tolled."); United States v. Lancman, Civ. No. 4-95-880, 1998 WL 315346, *6 (D. Minn. 1998); Mendez & Dejesus Grocery v. United States Dep't of Agric., Civ. No. 1099, 1997 WL 250458 (S.D.N.Y. May 7, 1997) (concluding that Section 2023(a) should be treated as jurisdictional); Reason v. Heslin, 723 F. Supp. 1309 (S.D. Ind. 1989) (explaining that Section 2023 is jurisdictional and not subject to equitable tolling).

A survey of relevant case law reveals that only one court has determined that Section 2023(a) is non-jurisdictional and therefore subject to equitable tolling.[2] Dunne v. United States

---

[2] As noted in Lancman, 1998 WL 415346, at *5-6, the District of New Jersey has considered this issue, but has not reached a definitive conclusion. See Calderon v. United States Dep't of Agric., 756 F. Supp. 181, 186 (D.N.J. 1990); New Jersey Dep't of Human Svc. v. United States, 740 F. Supp. 1067, 1072 (D.N.J. 1990). In Calderon in particular, the court "did not support this approach with any detailed analysis, or with any attempt to reconcile that option with conflicting Supreme Court precedent." Lancman, 1998 WL at *5.

8

Dep't of Agric., Civ. No. 91-0022, 1991 WL 42573 at *2 (E.D. La. 1991). The Dunne Court reached its conclusion by relying on Irwin. As discussed above, Irwin has been distinguished in cases dealing with jurisdictional statutes. See Neverson, 366 F.3d at 40.

This Court joins the majority of courts that have considered the issue, and concludes that Section 2023(a) of the Food Stamp Act is jurisdictional. This conclusion is also supported by the express language of the statute, which speaks in jurisdictional terms. See Singh v. United States Dep't of Agric., Civ. No. 07-C-1156, 2008 U.S. Dist. LEXIS 57876 (E.D. Wis. July 30, 2008)("In 7. U.S.C. § 2023, Congress expressly stated the jurisdictional requirements for a federal court to review the administrative decisions relating to the Food Stamp Program."); Reason, 723 F. Supp. at 1311 (finding that the 30-day time period is the "very basis of Congress' grant of jurisdiction to parties suing the United States in this court."). Section 2023(a)(13) provides that a plaintiff "may obtain judicial review thereof by filing a complaint against the United States.. within thirty days after the date of delivery or service of the final notice of determination..." The relevant regulation, 7 C.F.R. § 279.7(a) also speaks in jurisdictional language. Id. It provides that a complaint must be "filed within 30 days after the date of delivery or service.. otherwise the determination shall be final." The Court therefore finds that the thirty day deadline is not subject to equitable tolling.

Because the Court concludes that Plaintiff may not invoke equitable tolling, the Court need not determine whether equitable tolling would have applied in this case. Even if, however, Plaintiff were entitled to invoke the doctrine of equitable tolling, the Court would not be inclined to allow equitable relief on these facts.

Federal courts "have typically extended equitable relief only sparingly," allowing equitable

tolling where the claimant "actively pursued his judicial remedies by filing a defective pleading" or "where the complainant was induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96. Here, Plaintiff does not allege that his delay was caused by his filing of a defective pleading or that he was induced or tricked by the Defendant.

Plaintiff missed the thirty day deadline for filing this suit by a wide margin (more than ten months). See Comp. ¶ 24. While Plaintiff claims that this delay was based on his limited understanding of English, Plaintiff was able to timely request administrative review within ten days of receiving the March 28, 2008 letter. (R. 94). Moreover, the thirty day deadline gave Plaintiff more than enough time to have another person translate the letter for him. Other than claiming an inability to understand the English language letter, Plaintiff has advanced no reason for the delay in filing his lawsuit. On these facts, the Court would not permit equitable tolling.

This Court, therefore, dismisses Count I and Count II for lack of Subject Matter jurisdiction.

B.   Count III

Plaintiff argues that the thirty day deadline does not apply to Count III because he specifically challenges that deadline as a Due Process violation. Count III alleges that Defendant violated 42 U.S.C. § 1983 because Plaintiff "did not understand the time limitation as English is not his native language" and the "short time span is wholly inadequate" to rebut the Defendant's serious allegations. Compl. ¶¶ 45, 46.

Recovery under 42 U.S.C. § 1983 is limited, however, to violations of "federal rights committed by persons acting under color of state law." Haywood v. Drown, 129 S. Ct. 2108,

2111 (2009). The "United States and other governmental entities are not 'persons' within the meaning of Section 1983." Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998) (citing Accardi v. United States, 435 F. 2d 1239, 1241 (3d Cir. 1970)). The 1983 claim can not be brought against the United States, the only remaining defendant in this case. It must therefore be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED.

SO ORDERED.

*Mary M. Lisi*
Mary M. Lisi
Chief United States District Judge
December 16, 2009